RECEIVED

APR 27 2018

JERRY MOBERG
& ASSOCIATES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## SUPERIOR COURT OF THE STATE OF WASHINGTON
### FOR PIERCE COUNTY

L.K.M., individually, and on behalf of her
daughter C.K.M., and J.M.,

                    Plaintiffs,

    vs.

BETHEL SCHOOL DISTRICT; THOMAS
SIEGEL, in his individual capacity,
ROBERT MAXWELL, in his individual
capacity; NANCY McKEEMAN, in her
individual capacity; MEGAN NELSON, in
her individual capacity; CLIFFORD
ANDERSON, in his individual capacity;
TOM GIFFORD, in his individual capacity;
HEIDI MILLER, in her individual capacity;
and JOHN/JANE DOES 1-5, in their
individual capacities,

                    Defendants.

NO. 16-2-13359-8

FIRST AMENDED
COMPLAINT FOR DAMAGES

      COME NOW the above-named Plaintiffs, by and through their counsel, Loren A.

Cochran, Nicholas B. Douglas, and Pfau Cochran Vertetis Amala, PLLC, and by way of claim

state:

### I.    PARTIES

      1.1    Plaintiffs L.K.M., J.M. and C.K.M. were, at all relevant times, residents of

Pierce County, Washington.

FIRST AMENDED COMPLAINT FOR DAMAGES

1 of 21 | No. 16-2-13359-8



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

1.2     C.K.M. was a minor student enrolled at Bethel High School in the Bethel School District ("Bethel") in Pierce County, Washington, under compulsion of the laws of the State of Washington, including but not limited to RCW 28A.225 et seq.

1.3     Defendant Bethel is a public corporation organized under the laws of the State of Washington and is authorized to be sued in such corporate capacity for its acts and those of its agents and employees. Defendant has its primary place of business in Pierce County, Washington, and is subject to the provisions of Title 28A of the Revised Code of Washington. At all times material, Defendant Bethel operated, and otherwise exercised control over, the public schools within the school district, including Bethel High School, for the benefit of the school-aged children residing in the school district. Bethel is responsible for all conduct of agents and employees of Bethel with respect to the attendance of C.K.M. at school.

1.4     At all relevant times, Defendant Bethel had supervision and control of C.K.M. *in loco parentis.*

1.5     Defendant Thomas Siegel is and was, at all relevant times, the Superintendent of Bethel when C.K.M.'s federal and constitutional rights were violated.  Upon information and belief, Defendant Siegel had actual knowledge of the previous sexual abuse and sexual misconduct of transferring special needs student D.M. in or about Autumn, 2011.

1.6     Defendant Robert Maxwell was, at all relevant times, the Director of Special Education Services for Bethel.  Mr. Maxwell had discussions with Bethel's General Counsel, William Coats, about the previous sexual abuse and misconduct of transferring special needs student D.M. in or about Autumn, 2011.  As a result of these discussions, Mr. Maxwell had

FIRST AMENDED COMPLAINT FOR DAMAGES

2 of 21 | No. 16-2-13359-8

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

actual knowledge of D.M.'s dangerousness regarding sexual harassment and sexual misconduct with fellow special needs students.

1.7     Defendant Nancy McKeeman was, at all relevant times, Bethel's representative with regard to the Individualized Education Plan (IEP) for special needs student D.M. Upon information and belief, Defendant McKeeman had actual knowledge of the previous sexual abuse and sexual misconduct of transferring special needs student D.M. in or about Autumn, 2011. Upon information and belief, Ms. McKeeman also had actual knowledge of on-going logs and observation records of D.M.'s continuing sexual harassment, sexual abuse and sexual misconduct of C.K.M., as well as other students with special needs.

1.8     Defendant Megan Nelson was, at all relevant times, an Education Coordinator for Bethel. Ms. Nelson had actual knowledge of the previous sexual abuse and sexual misconduct of transferring special needs student D.M. in or about Autumn, 2011. Upon information and belief, Ms. Nelson also had actual knowledge of on-going logs and observation records of D.M.'s continuing sexual harassment, sexual abuse and sexual misconduct of C.K.M., as well as other students with special needs.

1.9     Defendant Clifford Anderson was, at all relevant times, Principal of Bethel High School during the 2012-2013 school year. Mr. Anderson had actual knowledge of on-going logs and observation records of D.M.'s continuing sexual harassment, sexual abuse and sexual misconduct of C.K.M., as well as other students with special needs.

1.10    Defendant Tom Gifford was, at all relevant times, Vice Principal of Bethel High School during the 2012-2013 school year. Mr. Gifford had actual knowledge of D.M.'s

FIRST AMENDED COMPLAINT FOR DAMAGES



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

continuing sexual harassment, sexual abuse and sexual misconduct against C.K.M., as well as other students with special needs.

1.11    Defendant Heidi Miller was, at all relevant times, Special Education Teacher at Bethel High School during the 2012-2013 school year.  Ms. Miller had actual knowledge of D.M.'s continuing sexual harassment, sexual abuse and sexual misconduct against C.K.M., as well as other students with special needs.

1.12    Defendants John/Jane Does 1-5 are officials, administrators, faculty and/or staff are individuals whose names and addresses are unknown but who had actual knowledge of D.M.'s continuing sexual harassment, sexual abuse and sexual misconduct against C.K.M.

## II.    JURISDICTION AND VENUE

2.1    Plaintiffs are residents of Nye County, Nevada. Defendant Bethel is a public corporation doing business in Pierce County, Washington.  Upon information and belief, the individually named defendants were all officers, agents and or employees of Defendant Bethel at all relevant times to this action and are believed to be residents of Washington State.

2.2    Jurisdiction and venue are proper in this Court. Venue lies within Pierce County, Washington pursuant to RCW 4.12.025 in that the Defendant Bethel's principal place of business is Pierce County, Washington and the incidents at issue in this case occurred in Pierce County, Washington.

2.3    Plaintiffs submitted tort claim forms to the Bethel School District pursuant to RCW 4.96.020 and more than sixty (60) days have elapsed, thus conferring jurisdiction to the superior court.



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

### III.      FACTUAL SUMMARY

3.1      At all relevant times, Plaintiff C.K.M. was a high school student with special needs and multiple disabilities who attended Bethel High School, in Spanaway, Washington.

3.2      Because of her multiple disabilities, C.K.M. could not be left unsupervised as a student at Bethel High School.

3.3      On or about October 2012, C.K.M. was a student in the Bethel district when she was taken by the hand by another special needs, D.M., during physical education class.

3.4      C.K.M. was led by D.M. across the Bethel High School football field where C.K.M. was taken into a portable toilet and sexually abused.

3.5      Upon information and belief, C.K.M. was sexually abused by D.M. at other times and locations all on Bethel High School grounds during school hours.3.6      Known   to Bethel but unbeknownst to L.K.M., J.M., or C.K.M., fellow special needs student D.M. had an extensive history of sexual predation on children prior to sexually abusing C.K.M.

3.7      In Autumn 2011, D.M. was emergency expelled from neighboring Clover Park School District ("Clover Park") for sexually assaulting another special needs classmate at Hudtloff Middle School.

3.8      Following D.M.'s expulsion from Clover Park for sexual assault, D.M.'s mother transferred D.M. from Clover Park to Bethel.

3.9      Contemporaneous to D.M.'s transfer to Bethel, General Counsel for both Clover Park and Bethel, William Coats, met with Bethel officials and administrators, including but not limited to Bethel's Special Education Services Director Robert Maxwell and Bethel Superintendent, Thomas Spiegel.

FIRST AMENDED COMPLAINT FOR DAMAGES

PCA PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

3.10    Upon information and belief, at that meeting(s) with Director Maxwell and Superintendent Siegel, Attorney Coats told Defendant Maxwell and/or Defendant Siegel that D.M. had sexually abused and/or was accused of sexually abusing four (4) children while enrolled as a student at Clover Park.

3.11    Upon information and belief, Attorney Coats also told Defendant Maxwell and/or Defendant Siegel that three (3) of those four children whom D.M. had abused and/or was accused of sexually abusing were fellow special needs students, all of whom were functioning at a cognitive level below D.M.

3.12    Upon information and belief, Attorney Coats also told Defendant Maxwell and/or Defendant Siegel that according to Clover Park, D.M. required constant one-on-one supervision at all times and that D.M.'s sexual misconduct was determined by Clover Park not to be a function of D.M.'s disability.

3.13    Upon information and belief, Attorney Coats also told Defendant Maxwell and/or Defendant Siegel that based upon D.M.'s past history of sexual predation at Clover Park, D.M. posed a substantial risk to other special needs students with whom he was in class.

3.14    Following the expulsion of D.M. from Clover Park and his subsequent transfer to Bethel, Bethel representative Nancy McKeeman participated in the creation of an Individualized Education Plan (IEP) for special needs student D.M. Defendant McKeeman had actual knowledge of the previous sexual abuse and sexual misconduct of transferring special needs student D.M. in or about Autumn, 2011, and Defendant McKeeman had actual knowledge that D.M. posed a substantial risk to other special needs students with whom he was in class.

FIRST AMENDED COMPLAINT FOR DAMAGES



PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

3.15    Following the expulsion of D.M. from Clover Park and his subsequent transfer to Bethel, Bethel Education Coordinator Megan Nelson also participated in the creation of an Individualized Education Plan (IEP) for special needs student D.M. Defendant Nelson had actual knowledge of the previous sexual abuse and sexual misconduct of transferring special needs student D.M. in or about Autumn, 2011, and Defendant Nelson had actual knowledge that D.M. posed a substantial risk to other special needs students with whom he was in class.

3.16    Beginning in Autumn 2012, D.M. was placed in the Special Education class at Bethel High School with Special Education Teacher Heidi Miller.  Ms. Miller had actual knowledge of D.M.'s sexually predatory past.  Ms. Miller also knew that Plaintiff C.K.M. functioned at an extremely low cognitive level and that C.K.M.'s cognitive function was significantly lower than D.M.  Based upon her knowledge of D.M.'s past history of sexual misconduct and sexual predation, and based on her knowledge of C.K.M.'s low level of cognitive function, Ms. Miller knew that D.M. posed a substantial risk to C.K.M. and other similarly situated students in class with D.M.

3.17    Also in Autumn 2012, Defendant Miller and the paraeducators and aides in Ms. Miller's class began keeping an observational log of D.M.'s sexual harassment, sexual abuse and sexual misconduct with other special needs students including C.K.M.

3.18    For example on September 21, 2012, the log noted "[D.M.] tried to kiss [C.K.M.] during break time behind book shelf.  They were directed that this is not OK at school."

3.19    On October 6, 2012, the log recorded "[D.M.] followed [C.K.M.] into classroom bathroom, immediately removed by staff.  Discussion of appropriate behavior and

FIRST AMENDED COMPLAINT FOR DAMAGES

PCA PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

bathroom rules was discussed with each student.  During P.E. incident resulting in suspension occurred."

3.20    On October 15, 2012, the log noted "[D.M.] trying his hardest to be with [C.K.M.] by himself."

3.21    On October 23, 2012, the log states, "[D.M.] attempted to get [C.K.M.] alone behind bookcase after lunch.  Was redirected to move into sight.  Attempted to signal [C.K.M.] into bathroom after specialist.  Students were separated.  During 6th period students were separated."

3.22    On October 31, 2012, the observational log noted that D.M. "Was sitting across from [C.K.M.] and [C.K.M.] pulled her shirt down to show him her chest.  During 3rd period sat next to [C.K.M.], was redirected several times to move away kept moving back, was relocated to another area [,] 6th period touch [C.K.M.], said he was looking for the key she took.  Was redirected.  No sub today."

3.23    On November 1, 2012, "Tried to get behind bookcase with [C.K.M.] today was directed to other side of portable.  During P.E. attempted to get away from other students and staff to meet [C.K.M.] out by porta potty, was intercepted."

3.24    On December 10, 2012, the log reads, "Right after 4th hr. [C.K.M.] went to the bathroom and [D.M.] followed her in there.  I told him that behavior was not appropriate and that he would need to stay by my side for the 5th hour."

3.25    On December 14, 2012, the log noted, "After 5th period today on the way back to class [D.M.] and slowed down to [end] the of the line and he and [C.K.M.] kissed each other."



FIRST AMENDED COMPLAINT FOR DAMAGES

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

3.26    The observational log contains note after note of sexual harassment and sexual misconduct by D.M. against C.K.M. and other special needs students in Ms. Miller's special education classroom.

3.27    During the 2012-2013 school year, Defendant Miller had actual knowledge that D.M. required one-on-one supervision, knew that D.M. was continually sexually harassing C.K.M., but actively kept D.M. in the same classroom with C.K.M. and failed to stop D.M.'s sexual harassment and sexual misconduct.

3.28    Defendant Miller notified Defendant Nelson, Bethel High School Principal Clifford Anderson and Vice Principal Tom Gifford on the on-going sexual harassment and sexual misconduct by D.M. and the lack of a one-on-one supervisor to control D.M. and stop him from sexually harassing and/or sexually abusing C.K.M. and other special needs students in Ms. Miller's special education classroom.

3.29    Despite actual knowledge of D.M.'s sexually harassing and sexually abusive behaviors to C.K.M. and other special needs students in Ms. Miller's special education classroom, Defendants Nelson, Anderson and Gifford all actively kept D.M. in the same classroom with C.K.M. and other special education students without one-on-one supervision for D.M.

3.30    Upon information and belief, John/Jane Does 1-5 were officials, administrators, faculty and/or staff who had actual knowledge of D.M.'s sexually predatory past, knew that he posed a substantial risk of sexual abuse, sexual harassment and sexual misconduct to C.K.M. and other special needs students, but actively kept D.M. in Ms. Miller's special education class without one-to-one supervision for D.M.

FIRST AMENDED COMPLAINT FOR DAMAGES

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

3.31    Despite knowledge of D.M.'s past sexually predatory past, Bethel and the individually named defendants, including but not limited to Defendant Tom Gifford, blamed C.K.M. for the sexual assault and suspended her from school for the October 2012 portable toilet incident.  The individual defendants also blamed C.K.M. for the sexual harassment and sexual misconduct by D.M.

3.32    As a result of being sexually assaulted, sexual harassed and being subjected to sexual misconduct at Bethel High School by D.M., C.K.M. has suffered trauma and anxiety, experienced emotional outbursts, increasingly acted out sexually and engaged in self-injurious behaviors.

## IV.    CAUSES OF ACTION

### A.    NEGLIGENCE -- ALL DEFENDANTS

4.1    Plaintiffs incorporate by reference each and every allegation contained in this complaint above as if fully set forth herein.  Plaintiffs L.K.M. and J.M. sent their then-minor, intellectually disabled child C.K.M. to Bethel, relying on the Defendant to provide a reasonably safe environment for the education of their child, and to protect their daughter's physical and mental well-being during school hours. At all times material, Defendant Bethel assumed a duty of care for the safety and well-being of Plaintiff C.K.M., stood *in loco parentis* to its pupils and as such had a duty to protect Plaintiff C.K.M. from assaults including sexual assaults while C.K.M. was on school grounds.

4.2    Defendant Bethel had physical custody of Plaintiff C.K.M. during regular school hours at all times relevant, including the hours when Plaintiff was assaulted by minor

FIRST AMENDED COMPLAINT FOR DAMAGES



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

D.M. Defendant Bethel also had physical custody and control of student D.M., assuming a non-delegable duty to control him and prevent him from abusing other students. As such, Defendant Bethel owed a duty to protect Plaintiff C.K.M. from physical harm, including assaults, while on school grounds during regular school hours, as well as a duty to control D.M. from harming C.K.M.

4.3    Defendant Bethel breached their duty and was negligent in the supervision and the protection of its students, especially those with developmental disabilities, during school hours. Defendant Bethel failed to monitor students who it knew presented a risk of harm on school grounds, including minor D.M.

4.4    Defendant Bethel violated its statutory duty set forth in RCW 28A and elsewhere, in failing to maintain good order, safety, and discipline within the district.

4.5    Defendant did not use reasonable care to protect students from harmful actions of fellow students by failing to properly supervise and train its agents and employees, who knew of past inappropriate behaviors by D.M. but failed to follow policies that had been previously set in place.

4.6    Defendant Bethel was an owner and operator of the premises commonly known as Bethel High School. Defendant Bethel did not maintain proper safety on the premises by failing to maintain proper security, monitor its students, and assess students who posed a risk of harm to others.

4.7    The above-mentioned acts and omissions by Defendant increased the risk of harm to minors, and put them in a position of increased danger.

FIRST AMENDED COMPLAINT FOR DAMAGES

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

4.8     Defendant Bethel was grossly negligent, or in the alternative, negligent, in the supervision, control, protection, and care of the pupils entrusted to it, including but not limited to, in failing to act with reasonable care to protect its children from harm and failing to train its employees to recognize and prevent such harm from occurring.

4.9     The Defendant Bethel's negligence and violation of its statutory duty were a proximate cause of injury and damage to Plaintiffs, including physical and mental pain, suffering, and anguish, and other treatment.

**B.     VIOLATION OF WASHINGTON'S LAW AGAINST DISCRIMINATION (WLAD), RCW 49.60 – ALL DEFENDANTS**

4.10     Plaintiffs incorporate by reference each and every allegation contained in this complaint above as if fully set forth herein.   RCW 49.60 commonly referred to as Washington's Law Against Discrimination or WLAD, and RCW 49.60.030 provides all individuals, including school students, to be free from discrimination because of sex or the presence of any sensory, mental or physical disability.

4.11     Despite knowledge of the on-going sexual abuse, sexual harassment and sexual misconduct suffered by female, special needs student C.K.M. by special needs classmate D.M., the defendants failed to protect C.K.M. from further sexual harassment and discrimination.

4.12     This ongoing, pervasive sexual harassment of C.K.M. by D.M. with the full knowledge of the defendants substantially interfered with C.K.M.'s right to an appropriate education free from discrimination, including but not limited to sexual harassment.

FIRST AMENDED COMPLAINT FOR DAMAGES



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

4.13    C.K.M. was discriminated against by the defendants because of her gender and her mental and physical disabilities, in that the defendants allowed the sexual harassment to continue unabated, and continued to place sexually harassing student D.M. in the same classroom with C.K.M. despite knowledge of the pervasive sexual harassment and sexual misconduct of D.M.  Upon information and belief, a similarly situated, typically functioning male student would not have been subjected to the same sexual harassment as that endured by C.K.M. at Bethel High School.

**C.   VIOLATION OF C.K.M.'S CIVIL RIGHTS UNDER THE FOURTEENTH AMENDMENT AND ENFORCED BY 42 U.S.C. § 1983 – DEFENDANTS SIEGEL, MAXWELL, McKEEMAN, NELSON, ANDERSON, GIFFORD, MILLER AND JOHN/JANE DOES 1-5.**

4.14    Plaintiffs incorporate by reference each and every allegation contained in this complaint above as if fully set forth herein.  Under the Fourteenth Amendment's Due Process clause, Plaintiff C.K.M. has a right to be free from sexual abuse, sexual harassment and sexual misconduct which was caused by a "state-created" danger.

4.15    In this case, Defendants Siegel, Maxwell, McKeeman, Nelson, Anderson, Gifford, Miller and John/Jane Does 1-5 all participated in affirmative conduct which placed Plaintiff C.K.M. in danger and each individual defendant did so with deliberate indifference to a known or obvious danger.

4.16    Specifically Defendants Siegel, Maxwell, McKeeman, Nelson, Anderson, Gifford, Miller and John/Jane Does 1-5 had actual knowledge that special needs student D.M. was a sexual predator who was a particular threat to children functioning at a lower cognitive

FIRST AMENDED COMPLAINT FOR DAMAGES

13 of 21 | No. 16-2-13359-8

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654
www.pcvalaw.com

level than himself.  Defendants Siegel, Maxwell, McKeeman, Nelson, Anderson, Gifford, Miller and John/Jane Does 1-5 also knew that D.M. required close, one-to-one supervision at all times in order to protect fellow special needs students.  Despite this knowledge, Defendants Siegel, Maxwell, McKeeman, Nelson, Anderson, Gifford, Miller and John/Jane Does 1-5 affirmatively placed D.M. in a special education classroom at Bethel High School without close supervision and without one-to-one supervision.  Further, Defendants Siegel, Maxwell, McKeeman, Nelson, Anderson, Gifford, Miller and John/Jane Does 1-5 exposed C.K.M., and the other students in the Bethel High School special needs classroom, to D.M. without close supervision and one-on-one supervision with full knowledge that known and obvious danger posed by D.M.

4.17    As a direct and proximate result of Defendants Siegel, Maxwell, McKeeman, Nelson, Anderson, Gifford, Miller, and John/Jane Does 1-5 actively placing D.M. in a special education classroom at Bethel High School without close supervision and one-on-one supervision, C.K.M. was sexually abused and sexually harassed by D.M.

4.18    In addition, Defendants Siegel, Maxwell, McKeeman, Nelson, Anderson, Gifford, Miller and John/Jane Does 1-5 had actual knowledge through the observation logs kept of D.M.'s behavior in Heidi Miller's Bethel High School Special Education class that C.K.M. and other students were suffering from sexual abuse, sexual harassment and sexual misconduct by D.M. over the course of the 2012-2013 school year.

4.19    Despite actual knowledge of on-going sexual abuse, sexual harassment and sexual misconduct by D.M. against C.K.M., Defendants Siegel, Maxwell, McKeeman,

FIRST AMENDED COMPLAINT FOR DAMAGES



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

Nelson, Anderson, Gifford, Miller and John/Jane Does 1-5 acted with deliberate indifference by doing nothing to effectively stop D.M. or protect C.K.M., including but not limited to providing ensuring that D.M. always had a mandatory one-to-one supervisor as required by D.M.'s IEP, failing to report incidents of sexual harassment and sexual misconduct to law enforcement or child protective services and failing to remove D.M. (or C.K.M.) from the same classroom when they knew they were not protecting C.K.M. from the continuing abusive conduct by D.M.

4.20    As a direct and proximate result of Defendants Siegel, Maxwell, McKeeman, Nelson, Anderson, Gifford, Miller, and John/Jane Does 1-5 actively placing D.M. in a special education classroom at Bethel High School despite knowledge of on-going sexual abuse, sexual harassment and sexual misconduct by D.M. against C.K.M., C.K.M. continued to suffer the effects of on-going sexual harassment and abuse.

## D.    VIOLATION OF C.K.M.'S CIVIL RIGHTS UNDER THE FOURTEENTH AMENDMENT AND ENFORCED BY 42 U.S.C. § 1983 UNDER *MONELL*– DEFENDANT BETHEL

4.21    Plaintiffs incorporate by reference each and every allegation contained in this complaint above as if fully set forth herein.  Defendant Bethel is liable for its execution of policies, customs and practices, as well as for its actions in failing to adequately train, monitor, or supervise its agents and employees to ensure the safety of its students, including C.K.M.

4.22    These failures by Defendant Bethel were a moving force behind the sexual abuse, sexual harassment and sexual misconduct suffered by C.K.M.

FIRST AMENDED COMPLAINT FOR DAMAGES



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company
911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

4.23    As illustrated above, these failures occurred at Bethel's highest levels, including its Superintendent and its Director of Special Education, and the on-going nature of Bethel turning a blind eye to both the substantial risked posed by D.M. to other special needs students and the actual knowledge of on-going sexual abuse, sexual harassment and sexual misconduct by D.M. against C.K.M. and other students with special needs was done with deliberate indifference to the wellbeing and safety of Plaintiff C.K.M., and done in violation of the Due Process clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983.

**E.    VIOLATION OF C.K.M.'S RIGHTS UNDER TITLE IX AND SECTION 1983 THROUGH THE EQUAL PROTECTION CLAUSE– ALL DEFENDANTS**

4.24    Plaintiffs incorporate by reference each and every allegation contained in this complaint above as if fully set forth herein.  Bethel and the individual defendants are liable under both Title IX for its actions in creating and perpetuating the sexually harassing and hostile school environment.

4.25    Plaintiff C.K.M. has the right to bring an action against the school district for its violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) because Bethel and its officials had actual knowledge of the sexual abuse, sexual harassment and sexual misconduct by D.M. against C.K.M. and other special needs students in the Bethel High School special education class.

4.26    Because Bethel failed to take immediate, effective remedial steps to resolve the sexual harassment in spite of its actual knowledge of the abuse, and instead acted with deliberate indifference toward Plaintiff C.K.M. and other similarly situated student.

FIRST AMENDED COMPLAINT FOR DAMAGES



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

4.27    The result of Bethel's deliberate indifference toward the sexual harassment suffered by C.K.M. was to exclude her from participation in, being denied the benefits of, and being subjected to discrimination in Bethel's education program, in violation of Title IX.

4.28    Plaintiffs incorporate by reference each and every allegation contained in this complaint above as if fully set forth herein.    Under *Fitzgerald v. Barnstable School Committee*, 55 U.S. 246 (2009), the United States Supreme Court held that Title IX does not preclude a concurrent claim for Equal Protection violations under 42 U.S.C. 1983, including in the peer harassment context. This is because while Title IX only covers institutions and not individuals, the 1983 remedy allows plaintiffs to sue individual defendants unless immunity applies.

4.29    Here, Bethel and individual Defendants Siegel, Maxwell, McKeeman, Nelson, Anderson, Gifford, Miller and John/Jane Does 1-5 had actual knowledge of both the substantial risk posed by D.M. to other students with special needs and actual knowledge of pervasive sexual abuse, sexual harassment and sexual misconduct by D.M. against C.K.M.

4.30    Upon information and belief, each of these individual defendants above had the authority to take corrective action in response to the pervasive sexual harassment and sexual misconduct suffered by C.K.M. but responded with deliberate indifference.

4.31    In addition, Bethel violated the Equal Protection Clause in its practice of failing to enforce its policies on peer-to-peer sexual harassment in its special education classroom at Bethel High School.

FIRST AMENDED COMPLAINT FOR DAMAGES



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

4.32     The violations of C.K.M.'s rights to be free from sexual harassment and sexual abuse by all defendants was unconstitutional discrimination based on C.K.M.'s gender and her mental and physical disabilities.

## V.     DAMAGES

5.1     As a result of Defendant's tortious acts and omissions, Plaintiff C.K.M. experienced mental and emotional suffering during and after the sexual assaults. This claim is brought on behalf of Plaintiffs L.K.M., J.M. and C.K.M. for general and special damages arising out of assaults and failure to protect and supervise on this case. These damages include the pain and suffering, anxiety, emotional distress, and humiliation that Plaintiff C.K.M. has suffered and will continue to endure for years to come. This claim is also brought for Plaintiffs L.K.M. and J.M. who have suffered damages from emotional distress and derivative injuries from the damage to the parent-child relationship, compensable injuries codified in statute at RCW 4.24.010.

5.2     In addition, as a result of the defendants' violations of Plaintiff C.K.M.'s statutory rights under RCW 49.60 (WLAD), C.K.M. experienced mental and emotional distress, and a loss to the full benefits of Bethel's education program.

5.3     As a result of the defendants' violations of her federal statutory and constitutional rights, Plaintiff C.K.M. has suffered mental and emotional distress and a loss to the full benefits of Bethel's education program.

## VI.     JURY DEMAND

6.1     Plaintiffs demand a trial by jury on all issues so triable.

FIRST AMENDED COMPLAINT FOR DAMAGES

PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

1.      For such general and special damages as will be proven at the time of trial, with interest thereon;

2.      Plaintiffs' reasonable costs and attorneys' fees incurred in maintaining this action as allowed by RCW 49.60;

3.      Plaintiffs costs and attorneys' fees as allowed by 42 U.S.C. § 1988, Title IX and all other applicable bases for an award of attorneys' fees and costs'

4.      Punitive damages as allowed by 42 U.S.C. § 1983 and under any other provision of law for which punitive damages may be awarded;

5.      Pre and post-judgment interest as applicable; and

6.      Such other and further relief as this Court deems just and equitable under the circumstances of this case.

DATED this 27th day of April, 2018.

PFAU COCHRAN VERTETIS AMALA, PLLC

By _____

Loren A. Cochran, WSBA No. 32773
loren@pcvalaw.com
Nicholas B. Douglas, WSBA No. 49786
cole@pcvalaw.com
Attorney for Plaintiffs

4821-7443-6623, v. 1

FIRST AMENDED COMPLAINT FOR DAMAGES

19 of 21 | No. 16-2-13359-8



PFAU COCHRAN VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

1

2

## DECLARATION OF SERVICE

I, **Kim Snyder**, hereby declare under penalty of perjury under the laws of the State of

Washington that I am employed at Pfau Cochran Vertetis Amala PLLC, and that on today's

date I served the foregoing via Email by directing delivery to the following individuals:


Jerry  J. Moberg
Jerry J. Moberg & Associates
124 Third Avenue SW
Ephrata, WA  98823

**SENT VIA EMAIL**


DATED this 27th day of April, 2018.



_____

Kim Snyder
Legal Assistant

FIRST AMENDED COMPLAINT FOR DAMAGES

PCA PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

www.pcvalaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

FIRST AMENDED COMPLAINT FOR DAMAGES
16-2-13359-8
1 of 21

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654