UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| L.K.M., et al.,<br><br>            Plaintiffs,<br><br>    v.<br><br>BETHEL SCHOOL DISTRICT, et al.,<br><br>            Defendants. | CASE NO. C18-5345 BHS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants Bethel School District et al.'s motion for reconsideration. Dkt. 68. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

Plaintiff C.K.M. is intellectually disabled and was enrolled as a special education student in the District at Bethel High School. Dkt 1-2, ¶ 3.1. Her mother and father, Plaintiffs L.K.M. and J.M., bring suit against Defendants individually and on behalf of C.K.M. Plaintiffs allege that C.K.M. was sexually assaulted and harassed by another special education student ("David M.") during the 2012–2013 school year. *Id.* ¶¶ 3.5,

ORDER - 1

3.17. Plaintiffs assert that Defendants knew that David M. had an extensive history of sexual assaults against other special needs students and that Defendants failed to protect C.K.M. from the known risk of harm. *Id.* ¶ 3.31.

On April 19, 2021, the Court granted in part and denied in part Defendants' motion for summary judgment after requesting supplemental briefing on particular issues. Dkt. 65. The Court denied Defendants' motion as to Plaintiffs' 42 U.S.C. § 1983 *Monell* claim against the District, concluding that a factfinder must determine if the superintendent was delegated policymaking authority by the school board. *Id.* at 8–12.

On May 3, 2021, Defendants filed a timely motion for reconsideration. Dkt 68. Defendants argue that new Ninth Circuit authority, *Benavidez v. City of San Diego*, 993 F.3d 1134 (9th Cir. 2021), requires the Court to dismiss Plaintiffs' *Monell* claim and that the Court may have erred in its analysis. The Court ordered Plaintiffs to respond, Dkt. 69, and on May 11, 2021, Plaintiffs responded, Dkt. 70. On May 14, 2021, Defendants replied. Dkt. 71.

## II. DISCUSSION

Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules W.D. Wash. LCR 7(h). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with

newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005).

Defendants argue that new Ninth Circuit authority merits the Court's reconsideration of the underlying order denying summary judgment as to Plaintiffs' *Monell* claim. *See* Dkt. 68 at 3 (citing *Benavidez*, 993 F.3d at 1154). In *Benavidez*, the Ninth Circuit considered whether the plaintiffs' second amended complaint sufficiently alleged a *Monell* claim against the County of San Diego for alleged unconstitutional medical examinations. 993 F.3d at 1153. The Ninth Circuit concluded the complaint failed to state a *Monell* claim against the County, in part, because a single instance of unlawful conduct is insufficient to state a claim. *Id.* at 1154. But this new authority does not change the Court's calculus.

Defendants appear to repeat their arguments that a single instance of unlawful conduct cannot be the basis of Plaintiffs' *Monell* claim and rely on *Benavidez* as new authority to support their argument. But *Benavidez* relies on standard *Monell* case law and principles to reach its conclusion. *See id.* at 1153–54 (citing, *inter alia*, *City of Canton v. Harris*, 489 U.S. 378 (1989); *Bd. of County Comm'rs v. Brown*, 520 U.S. 397

ORDER - 3

(1997)). The Court agrees with Plaintiffs that Defendants fail to show how *Benavidez* overrules or otherwise changes the law on which the Court based its decision.

The Court also agrees with Plaintiffs that their *Monell* claims are predicated on more than a single incident. Plaintiffs bring § 1983 claims against the District under two theories: first that the District "is liable for its execution of policies, customs and practices, as well as for its actions in failing to adequately train, monitor, or supervise its agents and employees to ensure the safety of its students" in regards to the due process violations, Dkt. 1-2, ¶ 4.21, and second that the District "violated the Equal Protection Clause in its practice of failing to enforce its policies on peer-to-peer sexual harassment in its special education classroom at Bethel High School," *id.*, ¶ 4.31. The alleged violations occurred every time the District failed to execute its peer-to-peer sexual harassment policy or failed to report the sexual harassment.

The remainder of Defendants' arguments are repetitive of what the Court has already considered and rejected. *Compare* Dkt. 39 at 15–16 *and* Dkt. 56 at 22 *with* Dkt. 68 at 4–7. As the Court previously concluded, summary judgment is not warranted as to Plaintiffs' *Monell* claim on the due process violations, which includes the failure to train claim, because a trier of fact must determine whether Superintendent Siegel is a final policymaker. *See* Dkt. 65 at 10–12. Defendants have not met their burden to warrant reconsideration. Their motion is, therefore, denied.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion for reconsideration, Dkt. 68, is **DENIED**.

Dated this 20th day of May, 2021.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge