HON. BENJAMIN H. SETTLE

Jerry J. Moberg
jmoberg@mrklawgroup.com
Colin F. Kearns
ckearns@mrklawgroup.com
Moberg Rathbone Kearns, P.S.
P.O. Box 130 – 238 W. Division Street
Ephrata, WA 98823
Phone: (509) 754-2356
Attorneys for Defendant Bethel School District

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

L.KM., individually, and on behalf of her daughter C.K.M., and J.M.,

Plaintiffs,

v.

BETHEL SCHOOL DISTRICT et al.,

Defendants.

No. 3:18-cv-05345-BHS

**DEFENDANT BETHEL SCHOOL DISTRICT'S TRIAL BRIEF**

**DEFENDANT BETHEL SCHOOL DISTRICT'S TRIAL BRIEF**

## I. PLAINTIFF C.K.M.'S CLAIMS

Plaintiff C.K.M. brings five claims against Defendant Bethel School District:

1. Claim under 42 U.S.C. § 1983 for violation of Substantive Due Process under the Fourteenth Amendment.

2. Claim under 42 U.S.C. § 1983 for violation of Equal Protection under the Fourteenth Amendment.

3. Claim for violation of Title IX under 20 U.S.C. §§ 1681-1688 -- the Education Amendments of 1972.



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

4. Claim for violation of the Washington Law Against Discrimination (WLAD), RCW 49.60.030 and RCW 49.60.215.

5. Claim for common law negligence.

Defendant Bethel School District denies Plaintiff's claims.

## II. STATEMENT OF FACTS

Plaintiff C.K.M. was born in April 1998 and is now 23 years old. She is profoundly intellectually disabled. She was enrolled as a special education student at Bethel High School during the 2012-13 school year.

David M. was born in October 1997. He will be 24 years old in October 2021. He is severely intellectually disabled and was enrolled as a special education student at Bethel High School during the 2012-13 school year.

On Jan. 20, 2009, David M. was evaluated in the Tacoma School District and found to have a full-scale IQ of 55 (extremely low range of intelligence). The Tacoma School District's evaluation noted that David M. was diagnosed with cerebral palsy, ADHD, static encephalopathy, tremor and microcephaly.

In August 2009, David M. transferred from Tacoma School District to Clover Park School District. While attending Clover Park School District, David M. was the subject of two Manifest Determinations: (1) Feb. 2, 2011 for pulling down a female student's underwear and pulling down his own underwear and then inappropriately touching the other student at Lochburn Middle School and (2) Sept. 26, 2011 for asking a student whether he wanted to be raped and then inappropriately touching the student at Hudtloff Middle School.

On May 16, 2011, David M. was caught sexually molesting a three-year-old child at a Clover Park School District elementary school playground near his home.



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

In November 2011, David M. transferred from Clover Park School District to Cedarcrest Junior High School in the Bethel School District. When David M. transferred to Bethel School District, Clover Park School District informed Cedarcrest Junior High personnel that David M. had been involved in two incidents of inappropriate sexual contact.

On Nov. 21, 2011, David M. underwent cognitive testing at Bethel School District. David M. was found to function at the equivalent grade 3.4 in reading, math calculating and math reasoning, and at the equivalent of grade 1.8 in reading comprehension and written expression.

On Dec. 9, 2011, Bethel School District prepared an Individualized Education Program (IEP) for David M. The IEP stated that David M. was a 14-year-old eighth grade special education student with impairing health conditions including cerebral palsy, ADHD, static encephalopathy, tremor and microcephaly. The IEP stated: "David is under close supervision to help him learn appropriate boundaries. David is provided a one-on-one paraeducator due to sexual misconduct."

On Nov. 7, 2011, when C.K.M. was a 13-year-old 8th grade student, an IEP was prepared for C.K.M. The IED stated that C.K.M. performed at pre-kindergarten levels.

On Feb. 7, 2012, C.K.M. had a functional behavioral assessment while attending Bethel Junior High School. The assessment stated that C.K.M. had "a couple incidents of removing her clothes in school[.]"

On March 29, 2012, when CK.M. was a 13-year-old 8th grade student, an IEP was prepared for C.K.M. The IED stated that C.K.M. performed at pre-kindergarten levels.

On May 17, 2012, notice was given that C.K.M. would move to Bethel High School's Individual Learning Center program as a 9th grade student effective Sept. 4, 2012.

In September 2012, David M. and C.K.M. each started school at Bethel High School as 9th grade special education students. They were assigned to the Independent Learning Center taught by



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

special education teacher Heidi Miller. David M.'s supervision for the 2012-13 school year was "line-of-sight" supervision.

Plaintiff alleges that on some unknown date -- but before Oct. 5, 2012 -- that David M. touched C.K.M.'s breast. C.K.M.'s mother, L.K.M., testified that she was told that C.K.M. was sent out of the classroom with David M. to dispose of lunch garbage. L.K.M. testified that she was told that David M. came back about three to five minutes later, and teachers found C.K.M. sitting behind an outside garbage can crying. L.K.M. testified that she was told that C.K.M. was seen holding her breasts while saying that David M. touched her.

Ms. Miller testified that she did not recall the garbage can incident taking place. Paraeducators Shari Barker and Sharon Dye each testified that the alleged incident between C.K.M. and David M. did not happen. Ms. Barker and Ms. Dye each testified:

> We would never send a student out alone with another student to dispose of lunch trash. We had trash cans in the portable classroom. Knowing what we did about [C.K.M.] and DM we would have never allowed them to leave our line of sight voluntarily.

Plaintiff alleges that on Oct. 5, 2012, C.K.M. was molested by David M. in a portable toilet at the Bethel High School track and football field.

On Oct. 5, 2012, paraeducator Shari Barker completed a report on the portable toilet incident. Ms. Barker wrote in part that there was "inappropriate behavior" on the part of David M. in that he "locked door to port-a-potty" with C.K.M. inside the portable toilet with him. She wrote that David M. and C.K.M. "veered off the football field as we were focused on another student & snuck into portable toilets by bleachers." She wrote that C.K.M. was immediately taken into her classroom.



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

When Ms. Barker ordered David M. and C.K.M. to exit the portable toilet, Ms. Barker testified that David M. and C.K.M. were each laughing and had their clothes on. Ms. Barker testified that David M. and C.K.M. were out of her sight for only a few minutes.

C.K.M. and David M. were suspended from school pending an investigation by Bethel School District.

A one-to-one paraeducator was hired to supervise David M. in late October 2012 after C.K.M. and David M. returned to school after their suspensions.

## III. EVIDENTIARY ISSUES

Plaintiff and Defendant each filed Motions in Limine. The motions set forth evidentiary issues in this case.

## IV. WITNESSES

Plaintiff's Retained Expert Witnesses

1. Judith A. Billings, WSBA No. 17553, Puyallup, WA. Ms. Billings is an education consultant.

2. Cloie B. Johnson, M.Ed., CCM, Vocational Systems, Inc., Bothell, WA. Ms. Johnson is a vocational rehabilitation counselor and life care planner.

3. Gilbert Kliman, M.D., The Children's Psychological Trauma Center, San Francisco. Dr. Kliman is a forensic psychiatrist.

4. Douglas S. McDaniel, CPA, McDaniel Group, L.L.C., Bellevue, WA. Mr. McDaniel is a forensic accountant.

Plaintiff's Treating Health Care Providers



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

1. Shelly Gomez Crane, LCSW, Reno, NV. Ms. Crane is C.K.M.'s most recent treating therapist. Ms. Crane is expected to testify about her treatment and findings regarding C.K.M.'s psychological condition and emotional damages based upon her progress notes.

2. Linh N. Vu, M.D., Spanaway, WA. Dr. Vu is a family practice physician.

Defendant's Retained Expert Witnesses

1. Russell A. Vandenbelt, M.D., Bellevue, WA. Dr. Vandenbelt is a psychiatrist. He will testify about his opinions set forth in his expert witness reports after his evaluation of C.K.M. and L.K.M.

2. Janet N. Barry, Ed.D., Sammamish, WA. Dr. Barry is an education consultant. She will testify about her opinions set forth in her expert witness report.

Plaintiff's Lay Witnesses[1]

1. William A. Coats, WSBA No. 4608. Mr. Coats is a lawyer at Johnson & Gandara in Tacoma. Mr. Coats is general counsel for Clover Park School District and Bethel School District.

2. **Robert Maxwell, Ed.D.** Dr. Maxwell has been the Executive Director of Special Services for Bethel School District since July 2004.

3. **Lori B. Haugen.** Ms. Haugen was the Director of Special Services at Bethel School District from July 2005 through July 2013.

4. Megan P. Nelson. Ms. Nelson was an educational specialist for Bethel School District from October 2009 to July 2014. She is now the Assistant Director of Special Education.

5. **Tom Gifford.** Mr. Gifford was the vice principal of Bethel High School during the 2012-13 school year. He is now retired.

[1] The witnesses identified with bold type were named by both Plaintiff and Defendant.



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

6. **Heidi L. Miller.** Ms. Miller was C.K.M.'s and David M.'s special education teacher during the 2012-13 school year.

7. **Thomas G. Siegel.** Mr. Siegel has been the Superintendent of Bethel School District since 2001.

8. Roseanna Camacho. Ms. Camacho is a member of the school board of Bethel School District. She was appointed in 2018 and elected in 2019.

9. John L. Manning. Mr. Manning is a member of the school board of Bethel School District. He was first elected to the school board in 2007.

10. **Shari L. Barker**. Ms. Barker was a paraeducator in the classroom of C.K.M. and David M. during the 2012-13 school year.

11. David M., Spanaway, WA.

12. **Rebekah J. Cromwell.** Ms. Cromwell is a special education teacher at Bethel School District.

13. John T. Bourgaize, Lakewood, WA. Mr. Bourgaize is a teacher in the Franklin Pierce School District.

14. Kimberly A. Wilson, Lakewood, WA. Ms. Wilson is an affiliate faculty member at the University of Washington in Bothell.

15. L.K.M. She is the mother of C.K.M. and a former Plaintiff in this action.

16. J.M. He is the father of C.K.M. and a former Plaintiff in this action.

17. C.K.M.

18. John Gavin, Hawthorne, NV. Mr. Gavin is a counselor at Mineral County School District, Hawthorne, NV.

19. Plaintiff's Litigation Guardian ad Litem.



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

Defendant's Lay Witnesses

1. **Thomas G. Siegel.** Mr. Siegel has been Bethel School District's Superintendent since 2001.

2. **Robert Maxwell, Ed.D.** Dr. Maxwell was Bethel School District's Executive Director of Special Services from July 1994 to July 2013. He is now the Superintendent of Pullman Public Schools.

3. **Tom Gifford.** Mr. Gifford was the vice principal of Bethel High School during the 2012-13 school year. He is now retired.

4. Nicole Flournoy. Ms. Flournoy is a former health clerk at Bethel Junior High School. She was Bethel School District's Classified Employee of the Year in 2010.

5. **Heidi L. Miller.** Ms. Miller was C.K.M.'s and David M.'s special education teacher. She taught at Bethel High School from 2008 to 2012.

6. Justin A. Carr. Mr. Carr was a paraeducator who supervised David M. at Cedarcrest Junior High School.

7. **Shari L. Barker,** c/o Defendant's counsel. Ms. Barker is a special education paraeducator at Bethel School District.

8. **Rebekah J. Cromwell.** Ms. Cromwell is a special education teacher at Bethel School District.

9. Keren Roark. Ms. Roark is a school nurse at Bethel School District.

10. Sharon Miller-Calapp, B.S.N., A.R.N.P. Ms. Miller-Calapp is a nurse practitioner at Spanaway, WA.

11. **Lori B. Haugen.** Ms. Haugen was the Director of Special Services at Bethel School District from July 2005 through July 2013.



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

12. Kimberly K. McDonald. Ms. McDonald is a special education teacher at Bethel School District.

13. Sandra D. Gannon. Ms. Gannon is a special education paraeducator at Bethel School District.

14. Sharon R. Dye. Ms. Dye is a special education paraeducator at Bethel School District.

15. Joanne M. Mettler, ARNP. Ms. Mettler is a pediatric nurse practitioner at Harborview Medical Center in Seattle.

## V. CONSTITUTION AND STATUTES

The Fourteenth Amendment to the United States Constitution states in part:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of laws.

Title IX of the Education Amendments Act of 1972 states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

RCW 49.60.030(1) provides:

> The right to be free from discrimination because of . . . the presence of any sensory, mental, of physical disability . . . is recognized as and declared to be a civil right.

RCW 49.60.215 provides:

> It shall be an unfair practice for any person or the person's agent or employee to commit an act which directly or indirectly results in any . . . discrimination . . . in any place of public . . . accommodation . . . except for conditions and limitations established by law and applicable to all persons, regardless of . . . the presence of any sensory, mental or physical disability . . . .



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

## VI. LEGAL AUTHORITIES

*42 U.S.C. § 1983* -- Under *Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658 (1978), for a municipality to be liable under § 1983 a plaintiff must show that defendant's employees or agents acted pursuant to an official custom, pattern or policy that violates the plaintiff's civil rights, or that the entity ratified the unlawful conduct. 436 U.S. at 690-91. It is not enough that the municipality merely employed a tortfeasor. *Id.* at 691.

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agent. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or act may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694. To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to **deliberate indifference** to plaintiff's constitutional rights; and (4) the policy is the **moving force** behind the constitutional violation. *Oviatt v. Pearce,* 954 F.2d 1470, 1474 (9th Cir. 1992); *Ricardez v. Edwards,* 2021 WL 3472378, *1 (W.D. Wash. 2021). "Deliberate indifference" is a "stringent standard of fault" which requires "proof that a municipal actor disregard a known or obvious consequences of his [or her] action." *Connick v. Thompson,* 563 U.S. 51, 61 (2011). "Moving force" means that plaintiff "must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Com'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997).

Here, the Court stated:

> C.K.M. has sufficiently established that her Fourteenth Amendment Due Process Rights were violated through a state-created action theory or through a deliberate inaction theory [to avoid summary judgment]. Thus, the initial question is whether the District had a policy. Plaintiffs must demonstrate that the failure to report sexual harassment or the affirmative action of removing David M. from one-on-one supervision was the result of an official policy – that is, "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

> responsible for establishing final policy with respect to the subject matter in question."

*L.K.M. v. Bethel Sch. Dist.,* 2020 WL 7075209, *10 (W.D. Wash. 2020) (Dkt. 51 at 24-25.)

*Substantive due process* -- The due process rights secured by the Fourteenth Amendment include "the right to be free from state-imposed violations of bodily integrity" and sexual abuse violates that right. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997). Mere negligence of a state official is not a violation of due process. *Davidson v. Cannon,* 474 U.S. 344, 347 (1986); *Daniels v. Williams,* 474 U.S 327, 330-31 (1986); *Davis v. City of Ellensburg,* 869 F.2d 1230, 1235 (9th Cir. 1989). To violate due process, government action must be clearly arbitrary and unreasonable and have no relation to the public health, safety, moral and general welfare. *Cnty of Sacramento v. Lewis,* 523 U.S. 833, 841-42 (1998); *Woodrum v. Woodward Cnty., Okla.,* 866 F.2d 1121, 1126 (9th Cir. 1989). To violate due process, it must be shown that Bethel acted with an intent to discriminate against C.K.M. because of her mental disability. *Serrano v. Francis,* 345 F.3d 1071, 1082 (9th Cir. 2003).

*Equal protection* – "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that he [or she] was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens,* 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted); *Furnace v. Sullivan,* 705 F.3d 1021, 1030 (9th Cir. 2013). Stated differently, a plaintiff must prove that (1) a municipal defendant treated her differently from other similarly situated, (2) this unequal treatment was based on an impermissible classification, (3) the municipality acted with discriminatory intent in applying this classification and (4) the plaintiff



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

suffered injury as a result of the discriminatory classification. *Cardenas v. Cnty. of Tehama,* 2021 WL 4033171, *6 (E.D. Cal. 2021).

When an action does not implicate a protected class such as race or religion, a plaintiff may establish a "class of one" equal protection claim by alleging that she has been intentionally treated differently from others similarly situated without any rational basis for the difference in treatment. *Village of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000). "[T]he disabled do not constitute a suspect class for equal protection purposes[.]" *Lee v. City of Los Angeles,* 250 F.3d 668, 687 (9th Cir. 2001). To be considered similarly situated, the class of one challenger and her comparators must be prima facie identical in all relevant respects or directly comparable in all material respects. *Littlefield v. Fithian,* 2021 WL 4067301, *4 (W.D. Wash. 2021), *citing United States v. Moore,* 543 F.3d 891, 896 (7th Cir. 2008). Class on one claims must show that the plaintiff was discriminated against intentionally, rather than accidentally or randomly. *N. Pacifica LLC v. City of Pacifica,* 526 F.3d 478, 486 (9th Cir. 2008).

The District contends that Plaintiff's Equal Protection claim should be dismissed before trial. In Defendant's Amended Motion for Summary Judgment, the District argued that the Equal Protection claim should be dismissed. (Dkt. 39 at 21-22.) In Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Dkt. 42 at 1-45), Plaintiffs did not respond to the District's argument that the Equal Protection claim should be dismissed. In the Court's opinion granting in part and denying in part the District's Motion for Summary Judgment, the Court mentioned Equal Protection in just one sentence: "Plaintiffs discuss whether the right to be free from peer-to-peer sexual harassment is clearly established, but the constitutional violations they articulate in briefing arise out of the Due Process Clause of the Fourteenth Amendment rather than the **Equal Protection Clause."** (Dkt. 51 at 22-23.) (Emphasis added.)



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

*Title IX* – To establish Plaintiff's claim for violation of Title IX, Plaintiff must prove each of the following elements:

1. C.K.M. was harassed on the basis of sex;

2. The harassment was so severe, pervasive and objectively offensive that it effectively deprived C.K.M. of access to educational benefits and opportunities provided by Bethel School District;

3. Bethel School District had actual knowledge of the harassment; and

4. Bethel School District acted with "deliberate indifference" to known acts of harassment. *Davis ex rel. LaShondra D. v. Monroe Cnty. Bd. of Educ.,* 526 U.S. 629, 633, 637-42 (1999); *Wolfe v. Fayetteville Sch. Dist.,* 648 F.3d 860, 864 (8th Cir. 2011); *Reese v. Jefferson Sch. Dist. No. 14J,* 208 F.3d 736, 739-40 (9th Cir. 2000).

*WLAD* – To establish Plaintiff's claim under the WLAD, Plaintiff must prove each of the following elements:

1. Bethel School District intentionally discriminated against C.K.M. because of her mental disability by denying her the protection of Bethel School District's sexual harassment Policy No. 3206.

2. C.K.M.'s mental disability prevented her from objecting to the alleged sexual assault by David M.; and

3. C.K.M.'s mental disability was a substantial motivating factor for the alleged discrimination.

*Negligence* – To establish a negligence claim, a plaintiff must prove duty, breach, proximate cause and resulting harm. *Langfitt v. Pierce Cnty.,* 2021 WL 3887607, *9 (W.D. Wash. 2021), *citing Pedroza v. Bryant,* 101 Wn.2d 226, 228, 677 P.2d 166 (1984).



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

WPI 10.01 provides:

> Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would not have done under the circumstances.

WPI 10.02 provides: "Ordinary care means the care a reasonably prudent person would exercise under the same or similar circumstances."

WPI 15.01 provides: "The term 'proximate cause' means a cause in which a direct sequence produces the injury complained of and without such injury would not have happened."

## VI. CONCLUSION

If the Court does not direct a verdict in favor of Defendant Bethel School District, then the District will request the jury will find for the District on all five of Plaintiff's theories of liability.

RESPECTFULLY SUBMITTED this 14th day of September 2021.

MOBERG RATHBONE KEARNS, P.S.

*s/ Jerry J. Moberg*
JERRY J. MOBERG, WSBA No. 5282

*s/ Colin F. Kearns*
COLIN F. KEARNS, WSBA No. 45282

Attorneys for Defendant Bethel School District



MOBERG RATHBONE KEARNS
P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and the Clerk will send notification to:

Darrell L Cochran darrell@pcvalaw.com adietz@pcvalaw.com aulmer@pcvalaw.com bgrotz@pcvalaw.com chris@pcvalaw.com jgott@pcvalaw.com kevin@pcvalaw.com laura@pcvalaw.com mmcneil@pcvalaw.com sawes@pcvalaw.com

Loren A Cochran loren@cochrandouglas.com cole@cochrandouglas.com ella@cochrandouglas.com staff@cochrandouglas.com

Nicholas B. Douglas cole@cochrandouglas.com ella@cochrandouglas.com loren@cochrandouglas.com

Thomas Brian Vertetis tom@pcvalaw.com kwailes@pcvalaw.com

DATED this 14th day of September 2021 at Ephrata, WA.

MOBERG RATHBONE KEARNS, P.S.

*s/ Dawn Severin*
DAWN SEVERIN, SENIOR PARALEGAL






P.O. Box 130 | 238 W. Division Ave.
Ephrata, WA 98823
(509) 754-2356 | Fax (509) 754-4202