UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL ROBBINS BERG, as Litigation Guardian ad Litem for C.K.M., <br><br> Plaintiff, <br><br> v. <br><br> BETHEL SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. 3:18-cv-5345-BHS <br><br> ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW |

This matter comes before the Court on Defendant Bethel School District's motion for judgment as a matter of law. Dkt. 175. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. FACTUAL & PROCEDURAL BACKGROUND**

On October 5, 2021, the Court began an eleven-day jury trial on Plaintiff Cheryl Robbins Berg's, as Litigation Guardian ad Litem for C.K.M., claims against the District. Dkt. 133. Plaintiff alleged that C.K.M. was sexually assaulted and harassed by another special education student ("David M.") during the 2012–2013 school year and that the

ORDER - 1

District knew David M. had an extensive history of sexual assaults against other special needs students and failed to protect C.K.M. from the known risk of harm. *See* Dkt. 99. Plaintiff alleged that the District (1) violated C.K.M.'s Due Process and Equal Protection rights pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978); (2) violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a); (3) violated the Washington Law Against Discrimination, RCW 49.60.215; and (4) was negligent. *See id*.

At the close of Plaintiff's case, the District brought an oral motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(a). Dkt. 145. The Court reserved ruling on the motion. *Id.* On October 20, 2021, the jury returned a verdict in favor of Plaintiff on her *Monell* § 1983 claims and on her negligence claim. Dkts. 156, 159. On November 17, 2021, the District moved for judgment as a matter of law as to Plaintiff's § 1983 claims under Rule 50(b).[1] Dkt. 175. Plaintiff opposes the motion, arguing that the District has failed to meet the very high bar for judgment as a matter of law. Dkt. 181.

## II. DISCUSSION

**A.  Preliminary Issues**

In its opening brief, the District moves for judgment as a matter of law pursuant to Rule 50(b) and for a new trial on damages pursuant to Rule 59. Dkt. 175 at 1. The

---

[1] In light of the District's post-trial motion, the Court stayed Plaintiff's motion for attorney fees and costs, Dkt. 164, and motions for bill of costs, Dkts. 168, 169, and the District's motion to compel, Dkt. 171. *See* Dkt. 180.

ORDER - 2

District makes no substantive arguments on its request for a new trial and concedes in its reply that it "does not seek a new trial" and only seeks judgment as a matter of law. Dkt. 182 at 2. The issue is, however, that the District argues that the Court's pretrial rulings and jury instructions on Plaintiff's Due Process and Equal Protection claims were erroneous. *See* Dkt. 175 at 11–24 (arguing that Plaintiff's Due Process claim should have been dismissed on summary judgment), 24–29 (arguing that the Court should have granted summary judgment on Plaintiff's Equal Protection claim); Dkt. 182 at 6–8 (arguing for the first time in reply that the jury instructions were insufficient).

A motion for judgment as a matter of law under Rule 50(b) and a motion for a new trial under Rule 59 "have wholly distinct functions and entirely different standards govern their allowance." 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2531 (3d ed. 2021). Rule 50 contemplates judgment as a matter of law when "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Rookaird v. BNSF Ry. Co.*, 908 F.3d 451, 455 (9th Cir. 2018) (quoting *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006)); Fed. R. Civ. P. 50(a)(1). Further, because a Rule 50(b) motion is a renewed motion, "a party cannot properly 'raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its preverdict Rule 50(a) motion.'" *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (quoting *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)). But Rule 50(b) "may be satisfied by an ambiguous or inartfully made motion under Rule 50(a)." *Id.* (internal quotation omitted).

Rule 59(a), on the other hand, allows the court to grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1)(A). "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," and "the court is bound by those grounds that have been historically recognized." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (internal quotations omitted). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Id.* (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)). Recognized grounds for a new trial also include claims that the court gave erroneous jury instructions or failed to give adequate instructions. *See Crowley v. Epicept Corp.*, 883 F.3d 739, 747–48 (9th Cir. 2018) (quoting *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990)).

A party may also raise a post-trial motion for reconsideration under Rule 59(e). *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); 9B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2810.1 (3d ed. 2008). A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St.*, 179 F.3d at 665 (internal citation omitted). But a party may not "abuse[] Rule 59(e) to 'raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Allstate Ins. Co. v. Herron*,

634 F.3d 1101, 1112 (9th Cir. 2011) (quoting *Kona Entrs., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

Herein lies the issue with the District's motion; it asserts that it is abandoning its motion for a new trial under Rule 59 while at the same time asserting arguments that the Court may only properly consider under Rule 59(a) or Rule 59(e). The thrust of the District's motion is that the Court erred in not granting summary judgment on Plaintiff's Due Process or Equal Protection claim. For example, the District devotes much of its motion to arguing that the Court should have held as a matter of law that District Superintendent Tom Seigel was not a final policymaker for the purposes of the Plaintiff's Due Process claim. *See* Dkt. 175 at 11–22. The Court previously held that there were questions of fact to be determined by a jury as to whether Superintendent Seigel was a policymaker responsible for the District's policy of inaction by failing to report David M.'s ongoing sexual harassment of C.K.M. Dkt. 65 at 10–12. The Court understands the majority of the District's motion to essentially be a motion for reconsideration of the Court's order denying summary judgment because its arguments are based primarily on issues of law.

First, the Court will not consider the District's arguments on the Court's pretrial rulings under Rule 50(b) because Rule 50 motions consider the sufficiency of the evidence under the controlling law. Rule 50 allows "the trial court to remove cases or issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular result." *Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000) (internal quotation omitted). The District's arguments regarding whether the Court (1) properly

concluded at the summary judgment stage that there were questions of fact about the nature and extent of Superintendent Seigel's policymaking authority and (2) should have granted summary judgment on Plaintiff's Equal Protection claim will not be considered under Rule 50.[2]

Second, the Court declines to consider the pretrial ruling arguments under Rule 59(e) because the arguments could have been raised for the first time earlier in the litigation. Indeed, the District moved for reconsideration on the Court's denial of summary judgment, arguing that Plaintiff's *Monell* claims should be dismissed, but did not raise the arguments it now asserts in its post-trial motion. *See* Dkt. 68. The District had the opportunity to bring these arguments in its original motion for summary judgment, Dkt. 39, its Court-ordered supplemental briefing, Dkt. 56, and its motion for reconsideration, Dkt. 68. The Court will not consider these new arguments at this juncture.

Finally, the Court declines to consider the District's arguments on the sufficiency of jury instructions under Rule 59(a). But even if the Court considered the District's jury instructions arguments, it is not clear whether the District waived its challenges. A "party forfeits a right when it fails to make a timely assertion of that right and waives a right when it is intentionally relinquished or abandoned." *United States v. Kaplan*, 836 F.3d

---

[2] Even if the Court did consider the arguments under Rule 50, the District did not raise these grounds in its oral Rule 50(a) motion. In ruling on a motion under Rule 50(b) based on a ground not asserted in a motion under Rule 50(a), a court is "limited to reviewing the jury's verdict for plain error, and should reverse only if such plain error would result in a manifest miscarriage of justice." *Go Daddy*, 581 F.3d at 961. The District has not made such a showing.

ORDER - 6

1199, 1216 (9th Cir. 2016) (internal citation omitted). "Waiver of a jury instruction occurs when a party considers 'the controlling law, or omitted element, and, in spite of being aware of the applicable law, proposed or accepted a flawed instruction.'" *Id.* at 1217 (quoting *United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997) (en banc)). The District argues that Court erred in not giving its proposed instructions for Plaintiff's Due Process and Equal Protection claim, but it does not address whether it raised these arguments before the Court instructed the jury. It does not, for example, provide transcript citations to any such arguments. Additionally, its arguments regarding the adequacy of the jury instructions were only raised for the first time in its reply. *See Karpenski v. Am. Gen. Life Co., LLC*, 999 F. Supp. 2d 1218, 1226 (W.D. Wash. 2014) ("As a general rule, a movant may not raise new facts or arguments in [its] reply brief." (internal quotation omitted)). The District's arguments regarding the adequacy of the jury instructions have either been improperly raised, abandoned, or waived, and the Court will not consider them.

The Court will thus only address whether the District is entitled to judgment as a matter of law on Plaintiff's Due Process and Equal Protection claims under Rule 50(b).

**B.     Motion for Judgment as a Matter of Law**

**1.     Standard**

"Judgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, which is contrary to the jury's verdict." *Omega Env't, Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1161 (9th Cir. 1997). When considering a motion for judgment as a matter of law

under Rule 50(b), the Court must uphold the jury's verdict if it was supported by substantial evidence. *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2006). Evidence is substantial if it is adequate to support the jury's conclusions even if drawing a contrary conclusion from the evidence is possible. *Id.* The Court may not make credibility determinations or weigh the evidence. *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir. 2001). The Court must draw all inferences from the evidence in the light most favorable to the nonmoving party, and it must disregard all evidence favorable to the moving party that the jury was not required to believe. *Id.* The Court "may not substitute its view of the evidence for that of the jury." *Id.* (internal quotation omitted).

**2.    Due Process**

Plaintiff alleged that the District violated C.K.M.'s rights under the Due Process Clause and that it was "liable for its execution of policies, customs and practices, as well as for its actions in failing to adequately train, monitor, or supervise its agents and employees to ensure the safety of its students." Dkt. 1-2, ¶ 4.21. The District argues that Plaintiff's Due Process claim is unsupported by sufficient evidence. Dkt. 175 at 22–24.

The Court instructed the jury that, in order for Plaintiff to prevail on her Due Process claim, she had to establish by a preponderance of the evidence that:

1. Superintendent Thomas Seigel acted under color of state law;
2. The acts of Superintendent Thomas Seigel deprived the plaintiff of her rights under the United States Constitution to her own bodily security;
3. Superintendent Thomas Seigel had final policymaking authority from defendant Bethel School District concerning these acts;
4. When Superintendent Thomas Seigel engaged in these acts, he was acting as a final policymaker for defendant Bethel School District and

    5. The acts of Superintendent Thomas Superintendent Seigel caused the deprivation of the plaintiff's rights; that is, the Superintendent Thomas Seigel's acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

Dkt. 153 at 19.

The Court further instructed the jury that, in order to prove that the District deprived her of her Fourteenth Amendment right to bodily integrity, Plaintiff had to prove these additional elements by a preponderance of the evidence:

1. Superintendent Thomas Seigel had final policymaking authority from the defendant;
2. Superintendent Thomas Seigel was required to but either intentionally or with deliberate indifference to the plaintiff's constitutional rights failed to report abuse or neglect as required by state law; and
3. Superintendent Thomas Seigel's failure to report was the moving force behind the constitutional violation.

*Id.* at 20.

The District first argues that there is no evidence that the District's school board delegated any policymaking authority to Superintendent Seigel.[3] Dkt. 175 at 22. The Court previously held that there was a question of fact as to whether Superintendent Seigel was delegated policymaking authority, specifically whether he was "constrained by policies promulgated by the school board or whether he enjoyed unconstrained discretion, converting him into a final policymaker." Dkt. 65 at 11; *see also Gillette v. Delmore*, 979 F.2d 1342, 1347 (9th Cir. 1992) ("[T]he unconstitutional discretionary

---

[3] It is difficult to evaluate the District's motion because it provides no citations to the record nor provides a trial transcript. The Court will consider the District's and Plaintiff's arguments based on the case file and the Court's own recollection of the trial proceedings and evidence. *See Craig v. Cnty. of Orange*, No. SACV 17-00491-CJC(KESx), 2019 WL 12379198, at *1 n.2 (C.D. Cal. Sept. 5, 2019).

actions of municipal employees generally are not chargeable to the municipality under section 1983."), *overruled on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016). Although Superintendent Seigel testified that he did not have any authority to modify policies, he also testified that he was not constrained by the school board when he implemented policies. The Court may not weigh this testimony nor make credibility assessments, *Winarto*, 274 F.3d at 1283, and the jury's verdict that Superintendent Seigel was a policymaker was supported by substantial evidence.

Next, the District argues that the record is "devoid of any evidence that [Superintendent Seigel] failed to report abuse and neglect." Dkt. 175 at 22. It asserts that Superintendent Seigel neither witnessed nor received any credible report of abuse and had no duty to report. *Id.* at 23. The District argues that Superintendent Seigel was unaware of the incident on October 5, 2012 when David M. allegedly sexually abused C.K.M. and, through this argument, unilaterally narrows the scope of Plaintiff's Due Process claim. This case is not about a single incident of abuse, and Plaintiff presented evidence detailing David M.'s repeated abuse of C.K.M. in Bethel High School's special education classroom, the Independent Learning Center ("ILC"). The testimony and evidence supported a reasonable conclusion that Superintendent Seigel and his subordinates were aware of David M.'s continuing, abusive behavior. There was also evidence that Superintendent Seigel had knowledge of David M.'s history of sexual abuse and assault prior to his transfer to the District. There was sufficient and substantial evidence from which the jury could find that Superintendent Seigel either intentionally or with deliberate indifference failed to report abuse and neglect.

1    The District additionally argues that the record is "devoid of any evidence that
2    Superintendent Seigel's failure to report caused C.K.M. any injury." Dkt. 175 at 23.
3    Again, the District limits Plaintiff's claim to be solely about the October 5 incident.
4    Plaintiff presented evidence through C.K.M.'s treating therapist, Shelly Crane, and her
5    expert forensic psychiatrist, Gilbert Kliman, that C.K.M. has suffered emotional distress
6    from the District's failure to protect her from David M.'s sexual abuse and harassment.
7    Viewing this evidence in the light most favorable to the nonmoving party, the evidence
8    does not permit only one reasonable conclusion, which is contrary to the jury's verdict.
9    There is substantial evidence adequate to support the jury's conclusion that the District's
10   failure to report David M.'s harassment of C.K.M. was a moving force of her injury.

### 3. Equal Protection

Plaintiff alleged that the District "violated the Equal Protection Clause in its practice of failing to enforce its policies on peer-to-peer sexual harassment in its special education classroom at Bethel High School." Dkt. 1-2, ¶ 4.31. The District argues that this claim "fails as a matter of law because there is no evidence that this policy was adopted with any invidious discriminatory motive" and because "the policy has a rational basis" as a matter of law. Dkt. 175 at 24.

The Court instructed the jury that, in order to prevail on her Equal Protection claim, Plaintiff had to establish the following elements by a preponderance of the evidence:

    1. The defendant's employee or employees acted under color of state law;

2. The acts of the defendant's employee or employees deprived the plaintiff of her equal protection rights under the United States Constitution as explained in later instructions;
3. The defendant's employee or employees acted pursuant to an expressly adopted official policy of the defendant Bethel School District; and
4. The defendant Bethel School District's official policy caused the deprivation of the plaintiff's rights by the defendant's employee or employees; that is, the Bethel School District's official policy is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

Dkt. 153 at 22.

The Court further instructed the jury that, in order to prove that the District's sexual harassment policy deprived her of her rights under the Fourteenth Amendment, Plaintiff had to establish these additional elements by a preponderance of the evidence:

1. The defendant intentionally treated plaintiff differently from the way it treated typically functioning students;
2. The defendant's treatment of plaintiff was without a rational basis; and
3. The failure to apply the policy caused the plaintiff a direct injury.

*Id.* at 23.

Plaintiff argued at trial that the District's peer-to-peer sexual harassment policy violated her equal protection rights because the policy required students to object to the sexual harassment, which C.K.M. cannot do because of her cognitive disabilities. The District argues that the evidence establishes that its policy on student-to-student sexual harassment did not apply to situations in the ILC classroom. It appears to concede that its sexual harassment policy did in fact treat special education students, like C.K.M., differently than general education students. The District presented evidence through its school expert, Janet Barry, and former vice principal, Tom Gifford, that the policy did not apply in the ILC classroom because there was constant supervision and, seemingly,

because of the cognitive abilities of the students in the classroom. But at the same time, Gifford testified that the October 5 incident was not sexual harassment because C.K.M. did not object to the conduct. Further, Plaintiff presented evidence through its own school expert, Judith Billings, who testified that the District's failure to apply the policy to C.K.M. was discriminatory.

The Court may not weigh this testimony nor make credibility assessments, *Winarto*, 274 F.3d at 1283, and cannot say that the evidence only permits one conclusion, i.e., that the District's sexual harassment policy had a rational basis. Even if it is possible to draw the conclusion that there was a rational basis for the policy, there was substantial evidence to support the jury's verdict that the policy lacked a rational basis.

Finally, the District argues that there is no evidence in the record that the sexual harassment policy was adopted with any "impermissible animus." Dkt. 175 at 26–29. The District argues for the first time that Plaintiff was required to establish that its policy was "motivated by discriminatory animus toward the mentally disabled as a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001). Courts may invoke a heightened scrutiny in an Equal Protection Clause claim when the challenging individual or group is not a part of a traditionally suspect class, requiring the plaintiff to establish an impermissible animus. *See Animal Legal Def. Fund v. Wasden*, 878 F.3d 1184, 1200–01 (9th Cir. 2018). The District only raised this standard once in its proposed jury instructions, *see* Dkt. 148 at 19, but at no other point advocated for the application of this heightened scrutiny before this motion. The Court declines to consider it for the first time for the procedural reasons discussed herein.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Defendant Bethel School District's motion for judgment as a matter of law, Dkt. 175, is **DENIED**.

The Clerk shall note the District's motion to compel, Dkt. 171, for consideration on the Court's March 30, 2022 calendar.

Dated this 16th day of March, 2022.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge