UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL ROBBINS BERG, as Litigation Guardian ad Litem for C.K.M., <br><br> Plaintiff, <br><br> v. <br><br> BETHEL SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. C18-5345 BHS <br><br> AMENDED ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS |

This matter comes before the Court on Plaintiff's motion for attorney fees and costs. Dkt. 164. The Court has considered the briefing filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part for the reasons stated herein.

## I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff commenced this suit against Defendant Bethel School District in December 2016 in state superior court. Plaintiff initially asserted a claim of negligence arising out of the sexual abuse and harassment of C.K.M., a developmentally disabled student in the District, by another student, David M., during the 2012–2013 school year.

ORDER - 1

Plaintiff alleged that the District had prior knowledge of David M.'s dangerousness and was negligent in supervising and protecting its students. Through discovery, Plaintiff learned that the District and many of its employees had knowledge of David M.'s history of abuse and continuing harassment of C.K.M. In 2018, Plaintiff amended her complaint and added three additional causes of action against the District: violation of Washington's Law Against Discrimination ("WLAD"); violation of C.K.M.'s rights under the Fourteenth Amendment as enforced by 42 U.S.C. § 1983; and violation of C.K.M.'s rights under Title IX of the Education Amendments of 1972. Dkt. 1-2 at 12–18. The District then removed the amended complaint to this Court. Dkt. 1.

After several years of litigation, extensive discovery, and complex dispositive motions, *see, e.g.*, Dkts. 51, 65, 72, the case proceeded to trial on October 5, 2021, Dkt. 133. The jury considered whether the District violated C.K.M.'s rights under the Due Process and Equal Protection Clauses as enforced by 42 U.S.C. § 1983, whether the District violated C.K.M.'s rights under Title IX, whether the District violated WLAD, and whether the District was negligent. Dkt. 99 at 2–3. On October 20, 2021, after eleven days of trial, a jury reached a verdict finding in favor of Plaintiff on her § 1983 and negligence claims and awarded her $500,000. Dkts. 156, 160.

On November 2, 2021, Plaintiff timely moved for attorney fees and costs pursuant to Federal Rule of Civil Procedure 54(d). Dkts. 164, 168, 169. On November 10, 2021, the District filed a motion to compel, seeking Plaintiff's fee agreements, original billing records, and original invoices in order to properly respond to Plaintiff's motion for attorney fees, and requested that the Court continue Plaintiff's motion for attorney fees to

allow it sufficient time to respond. Dkt. 171. The Court granted the District's motion to continue Plaintiff's motion for attorney fees pending resolution of the District's motion for judgment of dismissal as a matter of law, Dkt. 175, and the motion to compel, Dkt. 171. Dkts. 174, 180. The Court denied the District's motion for judgment as a matter of law, Dkt. 183, and granted in part and denied in part its motion to compel, Dkt. 184. Plaintiff's motion for attorney fees and costs is now ripe for consideration.

## II.  DISCUSSION

Plaintiff seeks $1,548,540 in fees, reflecting a 1.5 multiplier, $60,754.93 for out-of-pocket costs, and $17,340 in bringing the instant motion, inclusive of the motion and reply, as the prevailing party. Dkt. 164 at 13; Dkt. 193-1 at 7. The District opposes the requested amounts, arguing in part that Plaintiff should not be permitted to recoup fees for unsuccessful claims and that a lodestar multiplier is unwarranted. Dkt. 187.

Federal Rule of Civil Procedure 54(d)(1) allows for costs to be awarded to the prevailing party. "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (internal citation omitted). While there is a presumption in favor of awarding costs to the prevailing party, Rule 54(d) vests in the district court discretion to do so. *Assoc. of Mexican-American Educators v. California*, 231 F.3d 572, 591–92 (9th Cir. 2000).

The Civil Rights Attorney's Fees Awards Act of 1976 authorizes district courts to award reasonable attorney's fees to a "prevailing party." 42 U.S.C. § 1988(b). The Act reads in relevant part: "In any action or proceeding to enforce a provision of section[] . . .

1983 . . . of this title, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *Id*. In the Ninth Circuit, courts generally determine the permissible amount of attorneys' fees under § 1988 using the "lodestar" method. *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). After computing the lodestar figure, a district court "may then adjust the lodestar upward or downward based on a variety of factors." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (internal quotation and alterations omitted).

Preliminarily, the Court will not rule on Plaintiff's request for costs. *See* Dkt. 164 at 13. Plaintiff seeks $60,754.93 for costs in this motion and has also filed two motions for bill of costs requesting the same amount. *See* Dkt. 168 (seeking $60,282.89 in costs); Dkt. 169 (seeking $472.04 in costs). Under the Local Rules, Plaintiff's motions for bill of costs shall be considered by the Clerk of the Court. *See* W.D. Wash. LCR 54(d)(3). The Court thus defers to the Clerk of the Court's ruling on the motions for bill of costs.

Turning to Plaintiff's request for fees, Plaintiff argues that she is a prevailing party with unsuccessful but related claims and thus is entitled to recoup all hours expended by her counsel. Dkt 164 at 5–6. The proposed rates and hours for Plaintiff's counsel's work prior to filing the instant motion is as follows:

| Attorney | Hourly Rate | Billable Hours | Fees |
|---|---|---|---|
| Thomas B. Vertetis | $ 600.00 | 292.5 | $ 175,500.00 |
| Loren A. Cochran | $ 525.00 | 1,064.6 | $ 558,915.00 |
| Christopher E. Love | $ 450.00 | 17.3 | $ 7,785.00 |
| Nicolas B. Douglas | $ 400.00 | 478.3 | $ 191,320.00 |
| William T. McClure | $ 350.00 | 282.4 | $ 98,840.00 |
| TOTAL | | 2135.1 | $ 1,032,360.00 |

*Id.* at 6. The total lodestar for the merits work is $1,032,360.00.

The Court first considers whether Plaintiff's lodestar is reasonable. Under the lodestar method, a court determines how many hours were reasonably expended in the litigation and then multiplies those hours by a reasonable hourly rate. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The District argues that Plaintiff should not be fully awarded her requested fees because Plaintiff overstaffed the case and her counsel's working hours were duplicative. Dkt. 187 at 6. It further argues that Plaintiff's counsel improperly block billed. *Id.* at 6–8. Finally, in a declaration of its counsel, the District asserts that Plaintiff's counsel's rates are unreasonable. *See* Dkt. 188. Plaintiff moves to strike the arguments raised for the first time in the declaration. Dkt. 193-1 at 8–12.

The Local Rules prescribe that that motions for attorney fees, which are noted in accordance with LCR 7(d)(3), and briefs in opposition shall not exceed twelve pages. W.D. Wash. LCR 7(e)(4). "Declarations, which are supposed to 'set forth facts as would be admissible in evidence,' should not be used to make an end-run around the page limitations of Rule 7 by including legal arguments outside of the briefs." *King Cnty. v. Ramussen*, 299 F.3d 1077, 1082 (9th Cir. 2002). The District failed to raise its opposition to Plaintiff's counsel's rates in its response and improperly raised the argument in a declaration. The Court therefore GRANTS Plaintiff's motion to strike and will not consider the legal arguments found in the Declaration of Jerry Moberg. *See* Dkt. 188, ¶¶ 5, 6, 9–14, 18–23, 26–31. The Court will not consider any new legal arguments raised in any declaration.

But even if the Court considered the District's arguments regarding Plaintiff's counsel's rates, the Court concludes that their rates are reasonable. "[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotations omitted). Generally, "the relevant community is the forum in which the district court sits." *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). The requested rates—$600 for Thomas B. Vertetis, $525 for Loren A. Cochran, $450 for Christopher E. Love, $400 for Nicolas B. Douglas, and $350 for William T. McClure—are comparable to attorneys in the Seattle-Tacoma area of similar skill, experience, and reputation. *See Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326–27 (W.D. Wash. 2009) (finding attorney rates from $475 to $760 per hour to be reasonable rates). Plaintiff also provides a survey of rates charged by Washington attorneys in 2015. *See* Dkt. 164 at 7. Her counsel's rates are within the average range from seven years ago, further supporting the fact these rates are reasonable.

The Court additionally concludes that counsel expended a reasonable number of hours. First, though the District argues that Plaintiff overstaffed the case by having four attorneys in attendance at trial, the Court concludes that her staffing levels were appropriate. The District does not explain how Plaintiff's counsel's hours were duplicative, and the District itself staffed four attorneys. The Court also does not agree with the District that Plaintiff's counsel engaged in block billing. "Block billing is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time

spent working on a case, rather than itemizing the time expended on specific tasks.'" *Sierra Club v. BNSF Ry. Co.*, 276 F. Supp. 3d 1067, 1073 (W.D. Wash. 2017) (quoting *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007)). Courts do not require attorneys to "record in great detail how each minute of their time is spent on a case," but, rather, need only "enough evidence to show that the effort expended during those hours was reasonable." *McEuen v. Riverview Bancorp*, Inc., No. C12-5997 RJB, 2014 WL 2197851, at *6 (W.D. Wash. May 27, 2014).

The time entries provided by Plaintiff's counsel provide sufficient information for the Court to evaluate the reasonableness of the time expended. And upon review, the Court concludes that Plaintiff's counsel reasonably expended their time in litigating this case over the course of nearly five years. This conclusion is further supported by the fact that the District's counsel had billed 1,640.60 hours through October 1, 2021 and Plaintiff's counsel had billed 1,366.7 hours. Dkt. 164 at 9.

Because Plaintiff's counsel's rates are reasonable and their hours are reasonable, the lodestar is reasonable and presumptively approved.

Although the Court has concluded that Plaintiff's lodestar is reasonable, Plaintiff was only partially successful in her case. To determine fees in such a case under 42 U.S.C. § 1988, a court must consider "(1) whether 'the plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which [she] succeeded,' and (2) whether 'the plaintiff achiev[ed] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award.'" *Watson v. Cnty. of Riverside*, 300 F.3d 1092, 1096 (9th Cir. 2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

"Claims are *unrelated* if the successful and unsuccessful claims are distinctly different *both* legally *and* factually." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (internal quotation and alteration omitted) (emphasis in original). But claims are related if "they involve a common core of facts *or* are based on related legal theories." *Id.* (internal quotation omitted) (emphasis in original). Ultimately, the focus of the first inquiry is whether the successful and unsuccessful claims arose out of the same course of conduct. *Id.*

The District argues that Plaintiff's unsuccessful claims do not share any core facts or similar legal theories with her successful claims. Dkt. 187 at 5. The Court disagrees. First, her claims involve a common core of facts. All of Plaintiff's claims arose from the sexual abuse and harassment C.K.M. suffered during the 2012–2013 school year while enrolled in the District. Though some of her claims were based on the District's failure to apply its sexual harassment policy to her, and others were based on the District's failure to protect her from David M.'s harassment, all of her claims arose out of the common core of facts concerning the abuse and the District's inaction. Plaintiff's claims also are based on related legal theories. Her unsuccessful Title IX claim, for example, alleged that the District was deliberately indifferent to the sexual abuse and harassment of C.K.M. by David M., while her successful Due Process claim asserted that the District violated her rights through a policy of inaction by failing to report David M.'s ongoing sexual harassment. *See* Dkt. 99 at 2–3. The legal theory of her claims all involved the District's failure to protect, report, or stop David M.'s sexual harassment. Plaintiff's claims had

both a common core of facts and involved related legal theories. Though not all of Plaintiff's claims were successful, they were undoubtedly interrelated.

Since Plaintiff's claims are related, the Court next evaluates "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995) (internal quotation omitted). "Where a plaintiff has obtained excellent results, [her] attorney should recover a fully compensatory fee." *Hensley*, 461 U.S. at 435. A plaintiff may obtain excellent results without receiving all the relief requested. *See id.* at 435 n.11. On the other hand, if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436.

Plaintiff achieved a good result; she succeeded on three of her five claims against the District at trial. The issues were novel and complex, and her counsel litigated the issues well. But Plaintiff only achieved a limited success in the entirety of the case. The Court dismissed all of her claims against the individual defendants and C.K.M.'s parents' claims. *See* Dkts. 51, 65. Though her success was good, the Court cannot say the results were excellent warranting a full compensatory fee. In exercising its discretion, the Court reduces Plaintiff's lodestar by 10% to $929,124. *See Moreno*, 534 F.3d at 1112 (explaining that a "district court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation.").

For similar reasons, the Court declines to apply Plaintiff's requested 1.5 multiplier to the lodestar amount. *See* Dkt. 164 at 11–12. Once a court has determined the basic lodestar amount, a court may then adjust the lodestar upward or downward in rare and exceptional cases. *See Clark v. City of Los Angeles*, 803 F.2d 987, 991 (9th Cir. 1986). In considering whether the adjust the lodestar, the district court considers:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

As discussed above, the result was good but not exceptional to warrant a multiplier. The Court recognizes the novelty and difficulty in Plaintiff's claims and that, because of this difficulty, the case may be deemed "undesirable." But this complexity and the quality of the representation is reflected in the lodestar, in the rates of Plaintiff's counsel, and in the time they had to expend to successfully litigate this case. The Court thus declines to award the requested multiplier here.

In sum, the Court concludes that Plaintiff is entitled to recover attorney fees for all of her claims but reduces the amount by 10% in exercising its discretion. Counsel properly staffed the case and expended a reasonable number of hours, and their rates were reasonable for the Seattle-Tacoma area. The Court awards Plaintiff the lodestar fees,

reduced by 10% to $929,124, plus the fees associated with bringing the instant motion, $17,340.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Plaintiff's motion for attorney fees and costs, Dkt. 164, is **GRANTED in part**. Plaintiff is entitled to a fee award of $946,464.00.

Dated this 19th day of May, 2022.

BENJAMIN H. SETTLE
United States District Judge