UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL ROBBINS BERG, as Litigation Guardian ad Litem for C.K.M., <br><br> Plaintiff, <br><br> v. <br><br> BETHEL SCHOOL DISTRICT, <br><br> Defendant. | CASE NO. C18-5345 BHS <br><br> ORDER |

THIS MATTER is before the Court on Plaintiff Cheryl Robbins Berg's Motion for Leave to File an Amended Bill of Costs, Dkt. 203. Berg timely filed two Bills of Costs, one for $60,282.89 (Dkt. 168) and one for $472.04 (Dkt. 169) shortly after the jury's October 2021 verdict in her favor. The former Bill included $54,074.41 for "other costs" but did not include any identification, explanation, itemization, or documentation of those costs. *See* Dkt. 168.

Defendant Bethel timely opposed Berg's Cost Bills, pointing out that they included no support for the claimed costs, and asserting that the costs requested were not reasonable. Dkt. 170. Bethel also moved for Judgment as a Matter of Law

ORDER - 1

Notwithstanding the Jury's Verdict, Dkt. 175, and Berg sought her attorneys' fees as a prevailing party,[1] Dkt. 164. Berg's Cost Bills and her attorneys' fees motion were stayed and re-noted while the Court considered Bethel's motion, but Berg did not document or supplement her Cost Bills. *See* Dkts. 174 and 184.

On May 10, 2022, following the Court's resolution of the other post-trial motions, Berg's Cost Bills were referred to the Clerk of the Court. The same day, the Clerk's office posted on ECF a "notice to filer" explaining that the submitted Cost Bills lacked the requisite specificity. On May 19, the Clerk issued an order denying Berg's Cost Bills "as moot" because she had not provided documentation permitting the Court to make an informed ruling. Dkt. 198.

On June 27—39 days later—Berg moved for leave to file an amended Bill of Costs with supplementation. Dkt. 203. She asserts that her initial Cost Bill was timely, and that she was "unable" to provide documentation once the costs were deemed moot. *Id*. at 2. She argues that courts often permit a prevailing party to file a supplemental cost bill to address legitimate objections raised by opposing parties. *Id*. at 3 (citing *McGovern v. George Washington Univ.*, 326 F.R.D. 354, 355 (D.D.C. 2018)).

Bethel opposes the request as untimely. It emphasizes that while the initial Cost Bill was timely under Federal Rule of Civil Procedure 54(d) and LCR 54(d)(1), Berg failed to include any required documentation with that filing. She did not document her

---

[1] Berg also sought her costs in connection with her motion for attorneys' fees, Dkt. 164. Consistent with the local rules, the Court referred the cost bills to the Clerk for determination in the first instance. Dkt. 196 at 4.

ORDER - 2

Cost Bills when Bethel pointed out that it could not intelligently respond to them because they included no explanation or support. Dkt. 206 (citing Dkt. 170).

In Reply, Berg argues for the first time that the Court should consider her untimely support for her Cost Bill under an excusable neglect standard. Dkt. 207 at 2 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993)).

Berg argues that Bethel cannot be prejudiced and the litigation will not be adversely affected if the Court considers her late-arriving support. She argues that the delay was caused by her counsel's good faith confusion over the meaning of the Clerk's order denying her cost bill as moot. Dkt. 207 at 3.

*Pioneer* held that the failure to meet a court-imposed deadline (there, a bankruptcy proof of claim) may be permitted if the late filing is the result of excusable neglect. 507 U.S. at 388. "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id*. at 395. Such circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*.

The Court has "wide discretion" in awarding costs. *K-S-H Plastics, Inc., v. Carolite, Inc*., 408 F.2d 54, 60 (9th Cir. 1969). It agrees that permitting Berg to now demonstrate the costs she incurred will result in only modest prejudice to Bethel[2] or to

---

[2] Bethel *is* prejudiced by Berg's raising her excusable neglect argument for the first time in Reply; it has no ability to address the factors Berg's Reply asks the Court to consider. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (courts generally decline to consider arguments raised for the first time in a reply brief).

ORDER - 3

the case; Bethel knew Berg had incurred costs and was seeking $60,000 in reimbursement, even if it had no way of knowing how that amount was calculated, and the case is over. Nor is there any evidence that Berg delayed her documentation in bad faith.

The Court nevertheless concludes that the delay was not the result of excusable neglect. Berg does not claim that anything beyond her control caused the delay(s), and, more importantly, does not actually provide any excuse or reason for the delay. The Court cannot find excusable neglect where Berg has not articulated any valid reason for it.

Berg claims that once the Clerk denied her Costs Bills as moot, she could not provide the required documentation. The Court does not agree. The Local Rules specifically permit an appeal of the Clerk's order:

> (4) *Appeal*. The taxation of costs by the clerk shall be final, unless modified on appeal to the district court judge or magistrate judge to whom the case was assigned. An appeal may be taken by filing a motion to retax which shall be filed and served within seven days after costs have been taxed and which shall specify the ruling(s) of the clerk to which the party objects. The motion to retax shall be noted for consideration pursuant to LCR 7(d)(3).

LCR 54(d)(4). A timely appeal could have resolved any confusion over the import or reasoning of that order, and it was another missed opportunity to provide the evidentiary support for the claimed costs.

And, even if the Clerk's order did preclude Berg from providing the documentation, she has not explained why she did not include it in the first place, or in response to Bethel's objections about the lack of support for the claimed costs, or in

response to the Clerk's May 10 notice that the cost bills were deficient. She did not timely (or ever) appeal the Clerk's May 19 Order to this Court. In short, Berg neglected to provide any required documentation on four separate occasions, and she did not claim that her failures were the result of excusable neglect until her Reply brief, which deprived Bethel from responding to that claim. The Court concludes in its discretion that Berg has not shown that her neglect in failing properly seek her costs was excusable.

The Court previously acknowledged that this was a well-tried case and Berg's counsel achieved a good result for their client. The present issue and the Court's resolution of it does not diminish that assessment.

Berg's Motion for Leave to File an Amended Bill of Costs with Supplementation, Dkt. 203, is DENIED.

The clerk shall close the case.

IT IS SO ORDERED.

Dated this 13th day of September, 2022.

BENJAMIN H. SETTLE
United States District Judge